**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| Susan Dress, Amy Edwards and Stephanie Barnett, on behalf of themselves and all others similarly situated,<br><br>                     Plaintiffs,<br>    v.<br><br>Capital One Bank (USA), N.A.,<br><br>                     Defendant. | **AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**CASE NO. 1:19-CV-00343 LO-IDD** |

Plaintiffs, Susan Dress, Amy Edwards, and Stephanie Barnett, on behalf of themselves and all others similarly situated, sue Defendant, Capital One Bank (USA), N.A. ("Capital One"), and alleges:

## INTRODUCTION

1.     Plaintiffs assert this action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and all others similarly situated throughout the United States, for damages and other relief arising from Capital One's routine practice of charging interest on credit card accounts on transactions that are fully paid by the billing period due date.

2.     Capital One, like other major credit card companies, provides consumers a grace period to pay off new purchases; specifically, if new purchases are paid off in full by the payment deadline for the billing cycle in which they occur, there will be no interest assessed on such purchases. This grace period is promised to consumers in both their Capital One Credit Card Agreement and in the disclosures on the back of their monthly statements. In reality, Capital One routinely denies consumers the grace period on new purchases to which they are promised.

3.     In fact, without informing accountholders, Capital One's true policy is only to provide a grace period on new purchases for accountholders who have paid off their balances in

full for two prior months.  In other words, for all but a select group of accountholders who pay in full, Capital One takes away the interest-free grace period on all purchases.

4.      Indeed, when a consumer has not paid off her statement balance in full, Capital One charges interest on all new purchases from the moment they are made (with no grace period) simply because other, prior purchases were not paid off in full. No reasonable consumer would expect this to be so and nowhere is the counterintuitive practice disclosed by Capital One.

5.      Plaintiffs and other reasonable American consumers understand the general rule that when making a purchase with a credit card, they will be hit with interest charges on purchase if they do not pay for those purchases, in full, by the next billing statement's due date.

6.      Capital One's credit card contracts affirm these common sense understandings, but Capital One's actual practice does not. Capital One customers who pay off new purchases, in full, in a given month are often shocked to find that they are still charged interest on those same purchases.

7.      Capital One affirmatively misrepresents and omits in its contracts with consumers that they may be forced to pay interest on new purchases that are paid in full by the statement payment deadline. Capital One's contracts and disclosures state, and lead reasonable consumers like Plaintiffs to believe, that consumers who pay off new purchases in full by the due date for the billing cycle will not be charged interest on such purchases.

8.      Plaintiffs and members of the class were improperly charged interest on amounts that were fully paid by the statement due date, contrary to their reasonable expectations and the express terms of Capital One's contract with consumers.

9.      This practice is not only a breach of contract, it is also unfair and deceptive.

10.     Plaintiffs and other Capital One customers have been injured by Capital One's practices.  On behalf of themselves and the putative class, Plaintiffs seek damages and restitution for Capital One's breach of contract. Additionally, Plaintiffs seek an injunction on behalf of the general public to prevent Capital One from continuing to engage in its illegal practices.

## PARTIES

11.    Plaintiff, Susan Dress, is a citizen and resident of the State of Massachusetts and has had a credit card with Capital One at all times material hereto.

12.    Plaintiff, Amy Edwards, is a citizen and resident of the State of California and has had a credit card with Capital One at all times material hereto.

13.    Plaintiff, Stephanie Barnett, is a citizen and resident of the State of California and has had a credit card with Capital One at all times material hereto.

14.    Defendant Capital One is a federal bank headquartered in McLean, Virginia. Capital One is the fourth largest credit card issuer in the United States and has approximately $91 billion in outstanding credit card loans to consumers.[1]

## JURISDICTION AND VENUE

15.    This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed classes is a citizen of a different state than Capital One.

16.    This Court has personal jurisdiction over the Defendant because Capital One is headquartered in this District and the claims herein arose from business transactions of Capital One in this District.

17.    Venue is likewise proper in this district pursuant to 28 U.S.C. § 1391 because Capital One is headquartered in this District and because a substantial part of the events giving rise to Plaintiffs' claims occurred within this District.

## FACTUAL ALLEGATIONS

---

[1] Robert Harrow, *Largest U.S. Credit Card Issuers: 2017 Market Share Report*, ValuePenguin (Jun. 27, 2017), https://www.valuepenguin.com/largest-credit-card-issuers.

A.     **Capital One's Contract Promises Consumers No Interest on Amounts that are Paid In Full by the Billing Cycle Due Date**

18.     American consumers understand that when they use their credit card to make a purchase, interest will not be assessed on that new purchase if they pay it off in full by the payment deadline of the billing cycle in which the purchase occurs. Indeed, consumers are accustomed to—and indeed almost all major credit cards offer—a "grace period" for consumers to pay off new charges before they are assessed interest.

19.     Like other credit card issuers, Capital One expressly promises consumers they will receive an interest-free grace period on all purchases, so long as those purchases are paid off before the end of the monthly grace period.

20.     Capital One's Credit Card Agreement specifically promised Plaintiffs and other class members an interest-free grace period on their purchases:

> We will charge Interest Charges and Fees to your Account as disclosed on your Statement and other Truth-in-Lending Disclosures. In general, Interest Charges begin to accrue from the day a transaction occurs. However, **we will not charge you interest on any new transactions...if you paid the total balance across all Segments of your Account in full by the due date on your Statement each month**.

Ex. A (Plaintiff Dress Agreement), at 3 (emphasis added).

21.     Thus, pursuant to the Credit Card Agreement, Capital One may not charge interest on purchase balances that the customer pays in full before the statement due date.

22.     Capital One reiterates its promise not to charge interest during the grace period on the back of its monthly credit card statements. The disclosure on the back of the statements reads as follows:

> How can I Avoid Paying Interest Charges? **If you pay your statement's New Balance in full by the due date, we will not charge you interest on any new transactions that post to the purchase segment**.
>
> […]

> How is the Interest Charge applied? Interest Charges accrue from the date of the transaction or the first day of the Billing Cycle. **Interest Charges accrue on every unpaid amount until it is paid in full.** This means you may owe Interest Charges even if you pay the entire New Balance for one Billing Cycle, but did not do so the previous Billing Cycle.

Ex. B (Plaintiff Dress' Monthly Statement) (emphasis added).

23.     Together, Capital One's disclosures to consumers make clear that new purchases will not be charged interest if those new purchases are paid off by the billing cycle's due date.

24.     But Capital One does not honor this promise to consumers. Instead, Capital One provides no grace period on new purchases paid in full by the billing cycle's due date, simply because <u>other</u>, prior purchases were not paid off in full in the past. Capital One fails to disclose this practice in any of its customer agreements.

### B.     <u>Capital One's Actual Practice</u>

25.     If a consumer makes a $100 purchase on her Capital One credit card, and she pays off that entire balance by the due date of her next statement, she will pay no interest on that purchase because of the grace period promised by Capital One. Indeed, if she pays her statement balance in full every month, she will enjoy an interest-free grace period on all her purchases and never pay interest charges.

26.     But if, during one month, she does not pay her statement balance in full, she is in for an unpleasant surprise.

27.     Here's how Capital One's undisclosed practice actually works.  Without notifying consumers, Capital One eliminates the grace period *for all new purchase*s if a consumer does not pay off her entire statement balance in a given month. If a consumer leaves even $1 on her account balance after a billing period due date, Capital One eliminates the grace period for all subsequent new purchases—<u>even for new purchases fully paid off by the next billing cycle's due</u>

date.  Significantly, in connection with this lawsuit, Capital One has admitted that it calculates and charges interest in this fashion.  *See* Declaration of Kristen Chapman in Support of Capital One's Motion to Dismiss (Dkt. #34-1), at ¶¶ 10-14.

28.     In other words, with a Capital One card, keeping a balance into the next billing cycle means there is no grace period on your new purchases during that cycle. But Capital One never informs consumers of this. In fact, Capital One affirmatively represents *the opposite*—that it will not charge interest on new transactions if a consumer pays their statement in full for the month by the due date, and that it will only charge interest on "unpaid amounts."

### C.     There is Significant Confusion Among Capital One's Customers

29.     There is virtually no way for accountholders to uncover this reality, without advanced accounting skills.  That is because interest charges and calculations are performed behind the scenes, with very little indication of how the calculations are performed on the statements issued by Capital One.

30.     Capital One is well aware that consumers do not understand the complexity of its machinations, and cannot figure them out from card statements, and yet it still issued confusing and ambiguous disclosures on its grace period policy.

31.     This is true even though the Consumer Financial Protection Bureau ("CFPB") has warned that consumers are confused by practices just like the one Capital One uses:

> Regaining a grace period is another source of complexity as "trailing interest" comes into play. Trailing interest occurs when customers are assessed interest between the beginning of the billing cycle and the date on which they make payment in full. For consumers who pay their credit card balance in full each month, the grace period is a very simple concept to understand: they simply need to know when they must make payment to avoid an assessment of interest. **But for consumers who revolve their balance, it is uncertain whether they understand that** – unlike transactors -- they will be assessed interest on the unpaid balance

from the beginning of the billing cycle **and on new purchases made in the billing cycle and future billing cycles from the moment of a purchase until the consumer qualifies for the grace period again**. And for consumers seeking to pay off their balance, it is unclear if they understand the potential for trailing interest. Disclosing these complexities in a clear manner is quite challenging.[2]

32.     Indeed, the CFPB has received numerous complaints from Capital One customers who had no idea they would not receive a grace period on new purchases even if they pay off their balance in full by the due date, merely because of a prior unpaid balance. The following excerpts from consumers' complaints to the CFPB illustrate the yawning gap between Capital One's policies and consumers' understanding of Capital One's policies:

> I have a Capital One credit card. I paid off my entire monthly balance prior to the due date, yet I was hit with an interest charge. **The company said it was practice for interest to be charged unless the card balance was paid off for two consecutive months**. It doesn't seem appropriate to be charged interest on top of prior principal and interest after the card was paid off during the current cycle.
>
> . . .
>
> I paid my balance in full last month, yet was charged interest because I did not pay the balance the month before. It was explained that even though I was already charged interest on the previous months charges, and then paid the account balance prior to the due date as it was billed, I was being penalized for not paying it off the month before and that the **Capital One cards are not like other cards, in that the only way to avoid interest is to pay it off each and every month.** Again, I paid the balance in full prior to the due date. Also, when asking that the XXXX-dollars and some change be waived as a courtesy, I was advised that there were currently no offers to waive the fee.
>
> . . .

---

[2] Consumer Financial Protection Bureau, "CARD Act Report: A review of the impact of the CARD Act on the consumer credit card market," Oct. 1, 2013, p. 84 available at https://files.consumerfinance.gov/f/201309_cfpb_card-act-report.pdf .

I was charged interest on purchases for a credit card that had been paid in full the prior month. When I called to find out why I was charged interest, I was told that the interest was residual interest and unless I paid my account in full 2 months in a row, there would be residual interest. I asked them to explain to me what purchases had residual interest and they could not explain it.

…

Capital One Credit Card charged me an extra {$73.00} despite the fact that I paid all the balance on credit card bill in full before due date.

…

Me my wife have had a XXXX XXXX XXXX XXXX XXXX credit card for years. ( XX/XX/XXXX ). Account kept in good standing with no late payments. Capital One acquired all of these accounts so everything migrated from XXXX XXXX XXXX to Capital One. 1st billing cycle with Capital One ran from XX/XX/XXXX-XX/XX/XXXX. Previous new balance was {$3400.00} and payments/credits were {$3500.00} ( more than prior carry over balance ). There were NO carry over interest charges or fees. Charges totaled {$6000.00} leaving a New Balance forward of {$5900.00} to START the 2nd billing cycle. 2nd billing cycle ( XX/XX/XXXX-XX/XX/XXXX ) with Previous balance the same as balance forward from 1st billing cycle XXXX {$5900.00} XXXX. During this billing cycle payments/credits equaled {$4100.00} which was less than the previous carry over balance so I fully expected to incur interest charges. These totaled {$52.00} and posted to my card on XX/XX/XXXX. Charges this cycle equaled {$2600.00} leaving my NEW BALANCE FORWARD of {$4500.00}. This balance forward was effective XX/XX/XXXX. 3rd billing cycle XX/XX/XXXX-XX/XX/XXXX with a starting balance forward of {$4500.00}. THIS CYCLE I HAD PAYMENTS/CREDITS OF {$7000.00} which was {$2400.00} MORE THAN THE PREVIOUS BALANCE FORWARD. I was charged {$45.00} in interest charges on XX/XX/XXXX even though I had paid the previous statement new balance and {$2400.00} over and above the previous balance. Charges for this period were {$3600.00} to leave a NEW BALANCE FORWARD of {$1100.00}. The entire time the XXXX XXXX XXXX card was in effect, as long as at least the balance forward from the previous statement was paid in full, new purchases had the benefit of the new purchase grace period. The above scenario NEVER OCCURRED with XXXX XXXX XXXX. I called Capital One thinking it was an error on their end since I

had paid the entire previous months balance plus almost
{$2500.00} to offset the current months charges. **CSR advised
that that if the grace period is not meet for one month, even if
you pay the balance the next month, they still calculate interest
on new purchases. This is not ethical or fair. In fact it is
predatory. I requested to speak to a supervisor.** I was given the
same scripted explanation which besides being unfair and
predatory, it also just does not make sense in any way other than a
way for them to extort additional interest while ignoring the fact
that in the course of making payments the previous months balance
was satisfied in full. I then requested for the interest to be waived.
The supervisor told me she looked and said I " did not qualify for
an interest waiver ". I asked her why and she said " you just didn't
qualify ". Having never been in default, been a long term customer,
have NEVER had any fees waived in the past and with the amount
I use this card for ( $ XXXX+ annually ) I would think I would be
a preferred customer but that is their " policy ". I think there has to
be some sort of law or statute that protects consumers from this
type of misleading and predatory application of payments. **Capital
One is intentionally applying payments in a way to take
advantage of consumers to extort additional interest when in
reality the previous balance was actually paid in full meaning
new purchases should NOT be subject to interest charges
because the new purchases are not being given the agreed upon
grace period for new purchases that is part of credit card
terms of agreement.** … **I suggest a class action suit should be
considered against Capital One for its misleading and
predatory practices against consumers.**

…

Most of the time I pay off the whole amount each month. This
summer I paid off only a portion, and - of course - expected some
interest charge on the remaining balance. When I got the next two
statements I was shocked to see that, even when my balance was
negative ( i.e. paid off current amount due and had a credit for a
returned item ) I was still charged interest. When I complained to
to Capital was One I was told that this is their " policy " - that
whenever an amount is outstanding - the company charges interest
for two consecutive months. My question is - on what? Why is
such an abusive policy allowed here? I was informed that this is
how it always has been that way - amazingly enough, it is true. I
reviewed past statements and discovered that I do occasionally pay
interest - on NO BALANCE due. ( statements attached ) This
abusive " policy " needs to be challenged. No other of my credit
card companies employs such an abusive practice. " Banking re-

imagined " indeed! Thank you for your help in this matter. "
XXXX XXXX

…

XXXX/XXXX Capital One Statement balance is XXXX
XX/XX/2018 I took part in a Capital One Promotion to transfer a
balance from a credit card to Capital One ( no transfer fees ). I
wrote a check for {$8000.00}. XX/XX/XXXX, I paid my previous
statement balance ON TIME and in FULL XXXX XXXX/XXXX
statement shows charge of XXXX ( transfer ), regular charge of
{$39.00}, and interest of XXXX. Total statement balance XXXX
XX/XX/XXXX Paid FULL and ON TIME amount XXXX
XXXX/XXXX statement and payment XXXX had an XXXX
credit of XXXX and regular charges of XXXX. PLUS interest
charges of XXXX. I called to explain that I wasn't subject to
interest because I had paid balance in full. They explained that they
apply the payment to higher interest rate items first. However, they
are including the new purchases as 'higher interest rate ' when, in
fact a new purchase is 'no interest ' if it is paid in full before the 30
days. So I continue to have a balance on this 'low interest rate '
transfer even though I continue to pay my bill in full. THIS IS
ILLEGAL!

…

On XX/XX/XXXX, I paid off the stated balances on their website
for my three credit cards with Capital One. The due date for
payment was XX/XX/XXXX. On XX/XX/XXXX, I was charged
additional interest on all three accounts. Specifically, I paid
{$2800.00} on XX/XX/XXXX and was charged {$37.00} on
XX/XX/XXXX. I paid {$3400.00} on XX/XX/XXXX and was
charged {$57.00} on XX/XX/XXXX. I paid {$1300.00} on
XX/XX/XXXX and was charged {$21.00} on XX/XX/XXXX. I
called on XX/XX/XXXX to customer service to ask why I was
charged interest on a balance already paid and got some lame
explanation which basically amounted to " that's the way they do
things here ". I asked to speak to a manager who basically said it
was my fault for not calling them for a pay off so they could
calculate the remaining interest. I asked her if that instruction was
on the website and she said " no ". I asked her if there was
instruction on the statement and she said : " probably on the back "
then I informed her I could not know that because I do not get
paper statements. I asked her if she thought it was fair to charge
interest on something you already paid off and she said " it's our
policy " and when I asked her why the website does not reflect to
the XXXX what is owed [ including interest ] in the " current

balance " box she said " that is something we are trying to correct ". Please help! I have paid so much money to be debt free and now they do this!

…

On XX/XX/XXXX18, I paid off the entire balance of my Capital One Visa card in the amount of {$7600.00}. I made my payment before the due date of XX/XX/XXXX18. On 1XX/XX/XXXX18, I received a bill from Capital One for {$93.00} for more interest. I called and spoke to a representative and a supervisor on 1XX/XX/XXXX18 regarding this additional interest. I explained that I was previously a party to a class action lawsuit against another credit card company regarding this practice in which the court ruled against the credit card company. Since that time, I have seen several news stories reporting that this practice was illegal. Capital One refused to take this interest charge off of my bill, so I advised them that I would be filing a complaint.

…

Due to unfortunate circumstances, I missed a payment on my Capital One credit card ( didnt pay in full ; I pay half out of each paycheck ). I made up for it, and paid more than what I owed. However, I was informed that even though I was paid up, I get charged 2 months of interest because of a rule break that doesnt give me a grace period anymore. At no point on my bill does it say this. I get paying the first missed payment interest. But late payments are charged XXXX. I have been charged over 60 dollars in interest between the 2 months. Im not a bad customer that is constantly late. I pay on time. I called to have the second charge removed since on no where on my agreement does it say they can continually charge me interest on my purchases until the 3rd month if I didnt pay my balance in full. It says only on the missed balance, which I paid off. I contacted them to see if they could forgive the unnecessary interest charge on a balance I paid in full, and they said there was nothing they can do about it. I asked for a supervisor, and she said the same thing.

…

Paid off {$2500.00} balance in full by due date. Next statement had interest charge of {$48.00}. I called to ask for it waived and they refused. I have NEVER had an interest fees waived on this account in the 3 years I had it. I was never late and they are retaliating against me for paying off the balance. Today,

XX/XX/18 I called and closed the account and refused to make interest payment of {$48.00}. They threatened me with collections if not paid. I know you can not charge interest on interest or report late payment for interest only balance. I will not pay the remaining balance.

…

I have a Capital One Credit card, which I've always paid in full each month for years, never missing a single payment. Last month I missed paying it off in full by 2 days and the payment ( paid online ) took another 1-2 days to post. I was charged both a late fee ( {$25.00} ) and interest charges ( {$86.00} ). They initially waived the {$25.00} late fee and reversed {$50.00} dollars in interest charges. The following month, despite paying my entire balance in-full again and on time, I was charged another {$77.00} in interest. They refused to waive any additional charges indicating I was charged interest because I missed paying my balance off in full the previous month. Bear in mind, no one explained there would be additional charges, when I called last month. Furious, I immediately requested that they close out my account. I have {$44.00} dollars in rewards that I have not posted back to my account. Unless fees are waived in-full, I will never again due business with Capital One.

…

I have capital one silver credit card and I paid in full balnance on du date. They charge {$110.00} on XX/XX/2018 and again on XX/XX/2018 {$36.00} even I paid full balance before due date. I called and request to rmove insterst charges and they refuse to do so. I believe this is rip off and custmor service is bad. Do not like to talk. I request is anything you can do? XXXX XXXX

…

Last month I paid off my entire balance on my Capital One credit card. At the time, the balance reflected on the Capital One website was {$2400.00}. I paid the entire balance on XX/XX/XXXX. A full 10 days later I was still charged {$31.00} for interest. This was not reflected anywhere on the website statement at the time that I had paid my balance. I did call Capital One to let them know this and requested a credit of {$31.00}. They refused stating that this was interest already accrued. However, I stated to them that this should then be reflected on their website for pay off. The associate agreed that this was a flaw on their website and that he would mention this to senior management. The call was escalated.

However, the second individual also refused to credit the {$31.00}.

…

As of XX/XX/XXXX I had a credit card balance of {$810.00}. I made a payment of {$810.00} on XX/XX/XXXX and as far as I was concerned, I thought I had paid off my total balance. On XX/XX/XXXX I received a text message from Capital One stating that I had a new balance due of {$6.00}. When I opened the Capital One application on my phone I saw that the balance was due to interest. I called Capital One that day and asked why I had interest charges when I had paid off my balance on XX/XX/XXXX. The woman stated that interest is accumulated every day even though I have a {$0.00} balance. I questioned that, telling her that it's not right that they do that. She then put me on a brief hold and when she came back she said that in order for no interest to be added, I must pay off the total balance in two consecutive months. I don't understand how interest can be accrued when I have a {$0.00} balance. She continued to say the same thing over and over. I ended up ending the conversation with her because I was getting no where. My payment date for this balance is XX/XX/XXXX and I refuse to pay this. I am now concerned they are going to charge a late fee when I do not pay this and I would like this taken care of.

…

My Capital One Credit card cycle runs from the XX/XX/XXXX of each month. This past month, XX/XX/XXXX- XX/XX/XXXX, I made a payment of {$250.00} on XX/XX/XXXX and paid the full amount left on the credit card ( {$6900.00} ) which made the card have a {$0.00} balance. I then received an email stating that the amount owed was {$110.00} which was the interest charge for the month of XX/XX/XXXX. The account was at a zero balance and was paid before the statement cycle ended and I should have not been charged any interest on the account. I spoke with a customer representative for the company ( the representatives are located in the XXXX ) and he informed me that I had to have {$0.00} balance for two months in order to not get charged any more. They would not reverse the interest of {$110.00} and told me I must make the payment, which I reluctantly had to do because I did not want to have to pay interest next month on the interest for the previous month. This is a deceptive practice by Capital One and their credit card company. Even though I was told I would not have to pay anything the following month, I am afraid they will charge me interest again on the interest I already paid.

…

I had account with Capital One for over 15 years, and I always paid my balance in full at the end of the month This year my family member was in the hospital and I missed the XX/XX/XXXX payment. Next month, my daughter promised to pay but forgot to do so, so there was a late fee and interest on the statement. I paid it all in full, and even pay extra, so the balance went to a negative number, however, at the end of the month I received another statement with more interest charge! When I called, the representative told me that it takes " few months " to clear the interest even when the balance went back to 0. Is this even legal? He refused to cooperate and I had to go through the trouble of reassigning the automatic payments to a different card, and closed the account through the automatic system. However, I still believe that the extra interest shall be refunded to me.

…

I had a " New Balance " on a Capital One Platinum Credit card of {$340.00}. I paid {$380.00} in two payments before the due date of XX/XX/2018. I was charged interest on the New Balance despite the language on the credit card agreement which states that if the New Balance is paid before the due date, no interest will be charged. I called the credit card company but they refused my claim. I paid the balance on the account and closed the account. However, I feel the practice of the credit card company is illegal and is not typical of the other credit card companies I do business with.

…

I've paid off my balance but I still get charged interest. When I called in on XX/XX/XXXX, both agents told me that in order to avoid interest charges moving forward, I need to pay off my balance which I assured them that I would. I did that and still got charged interest. [3]

33.     In recognition that eliminating the grace period on new purchases based on a

*prior* unpaid balance is a counterintuitive concept for most consumers, *other* credit card issuers

---

[3] Complaints were taken from the CFPB's Consumer Complaint Database, available at https://www.consumerfinance.gov/data-research/consumer-complaints/ . The CFPB describes its database as follows: "Each week we send thousands of consumers' complaints about financial products and services to companies for response. Those complaints are published here after the company responds or after 15 days, whichever comes first. By adding their voice, consumers help improve the financial marketplace." Emphasis was added to the complaints above.

carefully word their agreements with consumers so as to clearly disclose the process. For example, Citibank explicitly says:

> To get a grace period on purchases, you must pay the New Balance by the payment due date every billing cycle. If you do not, you will not get a grace period until you pay the New Balance for two billing cycles in a row.

34.     In other words, Citibank chooses to tell its customers in plain English how the grace period works for new purchases. Capital One, on the other hand, obscures the grace period mechanism for new purchases behind, at best, confusing disclosures that nowhere clearly state that consumers lose the grace period on all future transactions merely because of a prior unpaid balance.  One customer's complaint to the CFPB – enumerated more fully – is worth repeating: "No other of my credit card companies employs such an abusive practice. 'Banking re-imagined' indeed!"

35.     Capital One itself knows how to state its true practice is plain English:  when Plaintiff Dress's husband called the customer service line to complain about his interest charges, the customer service representative told him that he would get no grace period unless he paid his full statement balance for two months straight.  No similarly plan statement of Capital One's true practice ever made its way into its written disclosures.

36.     In sum, Capital One is not authorized by contract to charge interest on amounts that are paid in full by the statement due date, but it has done so and continues to do so.

**D.      The Named Plaintiffs Were Unlawfully Charged Interest on New Purchases That Were Paid in Full During the Billing Cycle They Were Made**

**1.   Plaintiff Dress's Experience**

37.     Mrs. Dress works as a lead associate at Petsmart in Leominster, Massachusetts, and her husband presently lives on a fixed income from social security disability insurance.

38.     About nine years ago, Plaintiff Dress opened a credit card account with Capital One to improve her credit.

39.     That credit card came with an annual fee and no rewards, so about a year ago, Mrs. Dress requested a credit card with no annual fee and a rewards program from Capital One.

40.     Capital One provided Mrs. Dress with an "upgraded" Quicksilver Platinum MasterCard credit card with these features.

41.     Mrs. Dress's credit card agreement specifically promised an interest-free grace period on all new purchases paid in full by the billing cycle's due date.  *See* Exhibit A.

42.     The monthly credit card statements that Mrs. Dress received reaffirmed Capital One's equipment to not charge interest during the grace period on new purchases.  *See* Exhibit B.

43.      On November 9 and November 17, 2017, Plaintiff Dress made two new purchases on her Capital One credit card in the amounts of $30 and $0.99, respectively.  Her credit card billing cycle ended on November 25, 2017, and Capital One issued a bank statement specifying the due date for payments as December 22, 2017.

44.     Plaintiff Dress paid her entire statement balance, which included the new purchases totaling $30.99 and a prior balance, on or prior to the due date of December 22, 2017.

45.     However, without Dress' knowledge, Capital One had not given her a grace period on her new purchases, even though she paid them in full by the billing cycle's due date, and in fact had charged interest on those purchases.

### 2.  Plaintiff Edwards' Experience

46.     Plaintiff Edwards opened a credit card with Capital One in 2014.

47.     Plaintiff Edwards' credit card agreement specifically promised an interest-free grace period on all new purchases paid in full by the billing cycle's due date.  *See* Exhibit C.

48.     The monthly credit card statements that Plaintiff Edwards received reaffirmed Capital One's equipment to not charge interest during the grace period on new purchases.  *See* Exhibit D.

49.      During November and December 2017, Plaintiff Edwards made new purchases on her Capital One credit card in the amount of $204.57.  Her credit card billing cycle ended on

December 20, 2017, and Capital One issued a bank statement specifying the due date for payments as January 17, 2018.

50.     Plaintiff Edwards paid her entire statement balance, which included the new purchases totaling $204.57 and a prior balance, on or prior to the due date of January 17, 2018.

51.     However, without Plaintiff Edwards' knowledge, Capital One had not given her a grace period on her new purchases, even though she paid them in full by the billing cycle's due date, and in fact had charged interest on those purchases.

### 3.   Plaintiff Barnett's Experience

52.     About five years ago, Plaintiff Barnett opened a credit card with Capital One to improve her credit. She selected Capital One because, at the time, they sent her a promotional offer in the mail for a credit card with terms that appeared reasonable.

53.     Plaintiff Barnett's credit card agreement specifically promised an interest-free grace period on all new purchases paid in full by the billing cycle's due date.  *See* Exhibit E.

54.     The monthly credit card statements that Ms. Barnett received reaffirmed Capital One's commitment to not charge interest during the grace period on new purchases.  *See* Exhibit F.

55.     On February 19, 20, 23, and 26, 2018 as well as on March 2, 7, and 11, 2018, Plaintiff Barnett made a total of seven new purchases, totaling $227.06.  Her credit card billing cycle ended on March 15, 2018, and Capital One issued statements specifying the due date for payments as April 12, 2018.

56.     Plaintiff Barnett paid more than her entire statement balance, which included the new purchases totaling $227.06 and a prior balance, on or prior to the due date of April 12, 2018.

57.     However, without Plaintiff Barnett's knowledge, Capital One had not given her a grace period on her new purchases, even though she paid them in full by the billing cycle's due date, and in fact had charged interest on those purchases.

58.     After receiving her April statement that showed an interest charge of $43.27, Ms. Barnett immediately called Capital One to question the charge.  The customer service

representative was unable to explain how the charge was calculated, nor the basis for doing so. Rather, the representative threatened Plaintiff Barnett with collections if she did not pay it off, leaving her feeling intimidated.  Since that time, Plaintiff Barnett has always paid her entire statement balance every billing cycle and periodically even makes more than one payment per cycle out of fear of being charged unlawful and incomprehensible interest.

## CLASS ALLEGATIONS

59.     Plaintiffs bring this action on behalf of herself and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23.  The proposed Nationwide Class is defined as:

> All Capital One credit card account holders who were charged interest on new purchases that were paid in full before the due date of the billing cycle in which they were made.

The proposed Massachusetts Subclass is defined as follows:

> All Capital One credit card account holders in Massachusetts who were charged interest on new purchases that were paid in full before the due date of the billing cycle in which they were made.

 The proposed California Subclass is defined as follows:

> All Capital One credit card account holders in California who were charged interest on new purchases that were paid in full before the due date of the billing cycle in which they were made.

All of the classes are collectively referred to as the "Classes."

60.     Plaintiffs bring this action on her own behalf and on behalf of all others similarly situated pursuant to Fed. R. Civ. P. 23.  Excluded from the Classes are Capital One, its subsidiaries and affiliates, its officers, directors and member of their immediate families and any entity in which defendant has a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

61.      Plaintiffs reserve the right to modify or amend the definitions of the proposed

Classes if necessary before this Court determines whether certification is appropriate.

62.     This case is properly brought as a class action under Fed. R. Civ. P. 23(a) and (b)(3), and all requirements therein are met for the reasons set forth in the following paragraphs.

63.     *Numerosity under Fed. R. Civ. P. 23(a)(1)*.  The members of the Classes are so numerous that separate joinder of each member is impracticable.  Upon information and belief, and subject to class discovery, the Classes consist of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Capital One's records.  Capital One has the administrative capability through its computer systems and other records to identify all members of the Classes and the amount of interest paid by each Class member, and such specific information is not otherwise available to Plaintiffs.

64.     *Commonality under Fed. R. Civ. P. 23(a)(2)*. There are numerous questions of law  and fact common to the Classes relating to Capital One's business practices challenged herein, and those common questions predominate over any questions affecting only individual Class members.  The common questions include, but are not limited to:

        a)      Whether Capital One improperly charged interest on new purchases that were paid in full before the due date;

        b)      Whether Capital One improperly charged interest before they were contractually authorized to do so;

        c)      Whether Capital One abused its contractual discretion to charge interest on amounts that were paid in full before the due date;

        d)      Whether Capital One developed and engaged in unlawful practices that mischaracterized or concealed its true practices as they pertain to charging interest on amounts that were paid in full before the due date; and

        e)      Whether Plaintiffs and other members of the Classes have sustained damages as a result of Capital One's assessment and collection of interest charges on transactions from the day they were made and the proper measure of damages.

65.    *Typicality under Fed. R. Civ. P. 23(a)(3).*  Plaintiffs' claims are typical of the claims of the other Class members in that they arise out of the same wrongful business practice by Capital One, as described herein.

66.    *Adequacy of Representation under Fed. R. Civ. P. 23(a)(4).*  Plaintiffs are adequate representatives of the Classes in that they have a Capital One credit card and have suffered damages as a result of Capital One's assessment and collection of improper interest charges.  In addition:

a)    Plaintiffs are committed to the vigorous prosecution of this action on behalf of themselves and all others similarly situated and have retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers against financial institutions;

b)    There is no hostility of interest between Plaintiffs and the unnamed Class members;

c)    Plaintiffs anticipate no difficulty in the management of this litigation as a class action; and

d)    Plaintiffs' legal counsel have the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

67.    *Predominance under Fed. R. Civ. P. 23(b)(3).* The questions of law and fact common to the Class as set forth in the "commonality" allegation above predominate over any individual issues.  As such, the "commonality" allegations (paragraph 73 and subparts) are restated and incorporated herein by reference.

68.    *Superiority under Fed. R. Civ. P. 23(b)(3).*  A class action is superior to other available methods and highly desirable for the fair and efficient adjudication of this controversy. Since the amount of each individual Class member's claim is very small relative to the complexity of the litigation and since the financial resources of Capital One are enormous, no Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Class members will continue to suffer losses and Capital

One's misconduct will proceed without remedy. In addition, even if Class members themselves could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

69.     All conditions precedent to bringing this action have been satisfied and/or waived.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)
### (On Behalf of the Classes)

70.     Plaintiffs incorporate the preceding allegations by reference as if fully set forth herein.

71.     Plaintiffs and the Classes formed a contract with Capital One. The terms of that contract include the promises and affirmations of fact made by Capital One in the Credit Card Agreement as described above.

72.     Specifically, Capital One customers were promised a grace period on new purchases when they paid their purchase balances in full before the due date. They were also promised that Capital One would only charge interest on "unpaid amounts."

73.     Capital One breached the express terms of the account documents by charging interest to Plaintiffs and the Classes on new purchases that were paid in full before the due date.

74.     No contract provision authorizes Capital One to charge interest on new purchases that are paid in full before the due date.

75.     Therefore, Capital One breached the terms of its account documents by charging Plaintiffs and class members interest on amounts that were paid in full before their due date.

76.     Plaintiffs and members of the Classes have performed all, or substantially all, of the obligations imposed on them under the contract.

77.     Plaintiffs and members of the Classes have sustained damages as a result of Capital One's breach of the contract.

**SECOND CLAIM FOR RELIEF**
**(Breach of the Covenant of Good Faith and Fair Dealing)**
**(On Behalf of the Classes)**

78.     Plaintiffs incorporates the preceding allegations by reference as if fully set forth herein.

79.     Plaintiffs and the Classes formed a contract with Capital One. The terms of that contract include the promises and affirmations of fact made by Capital One in the Credit Card Agreement as described above.

80.     Under the law of Virginia, good faith is an element of every contract pertaining to the assessment of interest charges.  Whether by common law or statute, all such contracts impose upon each party a duty of good faith and fair dealing.  Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit – not merely the letter – of the bargain.  Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form.  Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

81.     Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes their conduct to be justified.  Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty.  Examples of bad faith are evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

82.     Capital One has breached the covenant of good faith and fair dealing in the contract through its policies and practices as alleged herein.

83.     Specifically, Capital One harms consumers by abusing its contractual discretion to assess interest charges and to interpret certain contract provisions in a way in which no reasonable consumer would anticipate.

84.     Capital One uses its contractual discretion to cause consumers to pay interest on amounts that were paid in full by the due date.

85.     Plaintiffs and members of the Classes have performed all, or substantially all, of the obligations imposed on them under the account documents.

86.     Plaintiffs and members of the Classes have sustained damages as a result of Capital One's breach of the covenant of good faith and fair dealing.

**THIRD CLAIM FOR RELIEF**
**(Violation of Massachusetts General Laws, Chapter 93A)**
**(On Behalf of Plaintiff Dress and the Massachusetts Subclass)**

87.     Plaintiff Dress incorporates the preceding allegations by reference as if fully set forth herein.

88.     This cause of action is brought on behalf of Plaintiff Dress and members of the Massachusetts Subclass pursuant to M.G.L. c. 93A §§ 2 and 9.  M.G.L. c. 93A §2 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  M.G.L. c. 93A § 9 permits any consumer injured by a violation of M.G.L. c. 93A § 2 to bring a civil action, including a class action, for damages and injunctive relief.

89.     Plaintiff Dress is informed and believes, and based on such information and belief, alleges that Capital One committed unfair and deceptive business acts and/or practices in violation of M.G.L. c. 93A §§ 2 and 9.

90.     Capital One has, at all material times, provided Plaintiff Dress and other members of the Massachusetts Subclass a grace period to pay their credit card balances. This grace period was promised to Plaintiff Dress and other members of the Massachusetts Subclass in both their Capital One Credit Card Agreement and in the disclosures on the back of their monthly statements. But unlike other major credit card companies, Capital One fails to tell consumers

23

they can lose their grace period on all future transactions by failing to pay off their balance in full in a prior month. As a result, and contrary to Capital One's representations, Plaintiff Dress and other members of the Massachusetts Subclass were charged interest on new purchases that were paid in full by the due date.

91.     These acts and practices are unfair and deceptive in material respects, offend public policy, are immoral, unethical, oppressive and unscrupulous and violate 940 C.M.R. 3.05 and M.G.L. c. 93A § 2.

92.     As a direct and proximate result of Capital One's unfair and deceptive acts and practices, Plaintiff Dress and other members of the Massachusetts Subclass have suffered injury by incurring interest charges for credit card balances that were paid in full by their due date.

93.     Plaintiff Dress and other members of the Massachusetts Subclass would not have incurred these interest charges if Capital One's acts and practices with regard to charging interest on its customers' credit card balances were not unfair and deceptive.

94.     Plaintiff Dress made a demand for relief, in writing, to Capital One at least thirty (30) days prior to filing this complaint, as required by M.G.L. c. 93A § 9.  Plaintiff Dress has not received a written tender of settlement that is reasonable in relation to the injury actually suffered by Plaintiff Dress and the Massachusetts Subclass.

95.     Based on the foregoing, Plaintiff Dress and the other members of the Massachusetts Subclass are entitled to all remedies available pursuant to M.G.L c. 93A, including, but not limited to, refunds, actual damages, or statutory damages in the amount of twenty-five dollars per violation, whichever is greater, double or treble damages, attorneys' fees and other reasonable costs.

96.     Pursuant to M.G.L. c. 231, § 6B, Plaintiff Dress and other members of the Massachusetts Subclass are further entitled to pre-judgment interest as a direct and proximate result of Capital One's wrongful conduct.  The amount of damages suffered as a result is a sum certain and capable of calculation and Plaintiff Dress and other members of the Massachusetts Subclass are entitled to interest in an amount according to proof.

### FOURTH CLAIM FOR RELIEF
### (Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200
### Fraudulent Prong)
### (On Behalf of Plaintiffs Barnett and Edwards and the California Subclass)

97.     Plaintiffs Barnett and Edwards incorporate the preceding allegations by reference as if fully set forth herein.

98.     Capital One's conduct described herein violates the Unfair Competition Law (the "UCL"), codified at California Business and Professions Code section 17200, *et seq.*

99.     Capital One's conduct violates the UCL's "fraudulent" prong by, among other things, promising its credit card accountholders a grace period on new purchases but then revoking the grace period and charging interest on new purchases because of a prior unpaid balance.  Capital One's practice is likely to deceive, and did deceive, reasonable consumers, including Plaintiffs Barnett and Edwards.

100.    As a result of Capital One's violations of the UCL's "fraudulent" prong, Plaintiffs Barnett and Edwards and members of the California Subclass have paid, and/or will continue to pay, unlawful and unauthorized interest and thereby have suffered and will continue to suffer actual damages.

101.    Pursuant to California Business and Professions code section 17203, Plaintiffs Barnett and Edwards and the California Subclass are therefore entitled to, among other things:

a.  An order requiring Capital One to cease the fraudulent acts alleged herein;

b.  Full restitution of all unauthorized interest charges as a result of the wrongs alleged herein, pursuant to California Code of Civil Procedure section 384;

c.  Pre-judgment interest at the highest rate allowable by law; and

d.  Payment of their attorneys' fees and costs pursuant to, among other things, California Code of Civil Procedure section 1021.5.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the members of the Class demand a jury trial on all claims so triable and judgment against Defendant as follows:

A.      An order certifying that this action may be maintained as a class action, that Plaintiffs be appointed Class Representatives and Plaintiffs' counsel be appointed Class Counsel;

B.      Declaring that Defendant's policies and practices to be wrongful, unfair, and unconscionable;

C.      Ordering Capital One to immediately cease the wrongful conduct set forth above and enjoining Capital One from conducting business via the unlawful and unfair business acts and practices complained of herein;

D.      Restitution of all interest charges paid to Capital One by Plaintiffs and the Classes as a result of the wrongs alleged herein in an amount to be determined at trial;

E.      Actual and punitive damages in an amount to be determined at trial;

F.      Pre-judgment interest at the maximum rate permitted by applicable law;

G.      Costs and disbursements assessed by Plaintiffs in connection with this action, including reasonable attorneys' fees pursuant to applicable law;

H.      Granting such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs and all others similarly situated hereby demand trial by jury on all issues in this complaint that are so triable as a matter of right.


Dated:  April 24, 2019                          Respectfully submitted,

                                                */s/ Bernard J. DiMuro*
                                                Bernard J. DiMuro
                                                Virginia Bar No. 18784
                                                DIMURO GINSBERG, PC
                                                1101 King Street, Suite 610
                                                Alexandria, Virginia 22314
                                                bdimuro@dimuro.com
                                                Tel: (703) 684-4333
                                                Fax: (703)548-3181

                                                Jeffrey Kaliel, Esq. (admitted *pro hac vice*)
                                                Sophia Gold, Esq. (admitted *pro hac vice*)
                                                KALIEL PLLC

1875 Connecticut Avenue, NW, 10th Floor
Washington, DC 2009
Tel: (202) 350-4783
jkaliel@kalielpllc.com
sgold@kalielpllc.com

Nicholas A. Migliaccio, Esq.*
Jason S. Rathod, Esq.*
MIGLIACCIO & RATHOD LLP
412 H Street N.E., Ste. 302
Washington, DC 20002
Tel: (202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

Patrick J. Sheehan*
WHATLEY KALLAS, LLP
60 State Street, 7th Floor
Boston, MA 02109
Tel: (617) 573-5118
Fax: (617) 371-2950
psheehan@whatleykallas.com

James J. Pizzirusso*
HAUSFELD
1700 K St. NW, Suite 650
Washington D.C. 20006
jpizzirusso@hausfeld.com

*Pro Hac Vice anticipated

Attorneys for Plaintiffs
and the Putative Classes